Judge Owsley
delivered the Opinion of the Court.
This writ of error is .prosecuted by Jtobert Shields and Curry, to reverse a decree pro-pounced in a suit in chancery, originally brought by James Craig in his lifetime, against them and others, heirs of R Shields deceased, and after his death, by order of court, upon bill of revivor filed by his administrators, revived in their names.
It is unnecessary to examine the merits óf the decree, because there exists several irregularities in the preparation of the cause in the circuit court, for which the decree must be reversed, and the cause remanded to that court for further proceedings.
In the first place, the suit, after the death of James Craig, in whose name it was originally commenced, was never regularly revived in the name of his ad-rninistrators. We have nO statutory provision that authorizes the revival of a chancery suit by order of court, without bill of revivor in the name of the i’epresentatives of the complainant, who dies after the suit is commenced; and according to the usual and settled practice in chancery, to authorize a revival of the suit after the death of a complainant, it is not only necessary that his representatives, who desire to revive the suit, should file a bill of revivor, but after the bill is filed by them, process should issue thereon, and be executed in the same manner as process on an original bill. In this case there was, it is true, a bill of revivor filed after the death of James Craig, by his personal representatives, and it is also true, that after the. bill ivas filed, an order reviving the suit in the names of the personal representatives was made by the court; but it was undoubtedly irregular in the court to make the order of revival before the defendants were served with process on the bill of revivor, and no service of such process appears in the present record.
Process;
Where in a contest about real estate claimed by joint heirs, one dies without issue or ■frill, leaving the others his heirs, no reviver is necessary.
Otherwise, in cases of personalty, which passes to the personal representatives.
Bv the" decree which was rendered, the circuit’ coart seems also to have acted upon the mistaken’ supposition, that all- the defendants named in the o--riginal and amended bills had been either served with process before the death of James Craig, or been proceeded against as absent defendants, by regular publication. No order of publication was fiver made against Templeton and wife, or John Shields, each of whom are made defendants by tho-oriainal bill, and the latter of whom is alleged to be the~adriunistrator of Robert Shields,’deceased, and neither of whom appears to have ever been served with process on the original bilí, dr bill of rdvivor.
There is also an irregularity in hot making the-proper parties to the suit. AH the heirs of Robert Shields, deceased, are interested in the matter in contest, arid were correctly named as parties to the original bill,brought by James Craig, but it appears from the record that Jane Shields, one of the heirs, afterwards died, and no steps were afterwards taken to bring her representatives before the court. It is true she appears to have died childless and in* testate, so that any real estate which she may have-owned, must have passed to her brothers aird sisters, all of whom are parties; but it is personal’, and not real estate which is the subject of the present’ contest, and though as distributees, her brothers and sisters may ultimately be entitled to whatever sum she would have recovered if living, it should first have passed through the hands of her personal representative to whom it went by operation of law at her death, and who of .course Ought to be made-party, and brought before the court, before a final-decree is made on the merits.
The decree rmist, therefore, be reversed with cost, and the cause remanded to the court below, with directions for that court to dismiss the bill without prejudice tu another suit, unless1 the complainants, in reasonable time to be fixed by the court, amend their bill, and make the personal representative of jane Shields, deceased, party if no sufficient cause’ be shown to the court for not making such party, and unless the complainant also, m reasonable time. *375 cause all the defendants, not heretofore'served with process, to be brought before the court by the service of process or regular publication against them,
Triplett, for plaintiffs; Wickliffe, for defendants.